UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
TERRA FIRMA INVESTMENTS (GP) 2 LIMITED :
(for and on behalf of the six limited partnerships :
constituting the Terra Firma Capital Partners II Fund), : 09-CV-10459 (JSR)
and TERRA FIRMA INVESTMENTS (GP) 3 :
LIMITED (for and on behalf of Terra Firma Capital : **ECF Case**
Partners III, L.P.), :
:
    Plaintiffs, :
:
    v. :
:
CITIGROUP INC., CITIBANK, N.A., :
CITIGROUP GLOBAL MARKETS LIMITED, and :
CITIGROUP GLOBAL MARKETS INC., :
:
    Defendants. :
:
------------------------------------------------------------X

## MEMORANDUM OF LAW OF TERRA FIRMA INVESTMENTS (GP) 2 LTD. AND TERRA FIRMA INVESTMENTS (GP) 3 LTD. IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT SUGGESTING TERRA FIRMA COULD HAVE MADE A CONDITIONAL BID

BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-2300

333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200

5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
Telephone: 202-237-2727

*Attorneys for Plaintiffs Terra Firma Investments (GP) 2 Ltd. & Terra Firma Investments (GP) 3 Ltd.*

October 4, 2010

## Table of Authorities

**Rules**

Fed. R. Evid. 104(a) ................................................................................................1

Fed. R. Evid. 401 ....................................................................................................3

Fed. R. Evid. 402 ................................................................................................1, 3

Fed. R. Evid. 403 .............................................................................................1, 3, 4

**Other Authority**

London Code on Takeovers and Mergers 2.4, Notes..................................................2

London Code on Takeovers and Mergers 2.5...........................................................2, 3

London Code on Takeovers and Mergers 13.............................................................2

Code Committee of the Takeover Panel, *Conditions & Preconditions,*
Public Consultation Paper 2004/4 (Panel on Takeovers and Mergers,
Aug. 10, 2004) .......................................................................................................2

Plaintiffs (collectively "Terra Firma") move for an Order *in limine* pursuant to Federal Rules of Evidence 104(a), 402 and 403, precluding Defendants (collectively "Citi") from presenting evidence at trial or otherwise suggesting that Terra Firma could have conditioned its offer for EMI on the existence of a Cerberus bid.

## ARGUMENT

In the course of trial, Citi is likely to argue to attempt to deflect focus away from its own misconduct by asserting that that Terra Firma could have conditioned its offer letter to the Board of Directors of EMI, submitted on or about 9:00 a.m. on May 21, 2007 and/or its formal offer letter to the EMI shareholders, which was the follow up to its offer letter to the EMI Board and which was submitted on the afternoon of May 21, 2007, on the existence of a bid by Cerberus. Because this argument is both irrelevant and fundamentally misguided, any evidence, statements, questions, or arguments based on the premise that Terra Firma could have made such a conditional offer should be excluded.

This case focuses on whether the conduct of Citi and its U.K. head of investment banking, David Wormsley, among others, was fraudulent. Whether or not Terra Firma could have conditioned its bid on the existence of a Cerberus bid has no bearing on the answer to that question. In other words, any attempt by Citi to suggest that Terra Firma should have made a conditional offer to confirm Wormsley's statements on May 21 that Cereberus was bidding 262p is, simply, off the mark. Even if such a conditional bid would have been allowed or appropriate, the alleged fraud would have existed nevertheless and Terra Firma would be entitled to relief. Consequently, any comments, questions, or statements on this subject could only be used to improperly and inaccurately suggest to the jury that the issue would somehow affect Citi's responsibility for its own misconduct and should be barred on that basis alone.

1

Moreover, there is no foundation for Citi's suggestion that Terra Firma could have so conditioned its formal offer to EMI's shareholders. That offer was governed by the London Code on Takeovers and Mergers (the "Takeover Code") which is issued and administered by the Panel on Takeovers and Mergers (the "Panel"). Rule 2.5 of the Takeover Code requires a bidder to announce an offer only "after the most careful and responsible consideration." *See* Declaration of Karen Dyer in Support of Motion *in Limine* To Exclude Evidence or Argument Suggesting That Terra Firma Could Have Made a Conditional Bid ("Dyer Decl."), Ex. A, Takeover Code, Rule 2.5(a). As a matter of principle, an announcement should only be made "when the bidder has every reason to believe that it can and will continue to be able to implement the offer." *Id.* These principles are informed by the Panel's understanding that because the "announcement of a firm offer will inevitably have a profound effect upon the offeree company and the market of its shares" withdrawn offers should be avoided except for those reasons investors may anticipate. *See* Dyer Decl., at Ex. B, "Consultation Paper Issued by the Code Committee of the Panel: Conditions and Preconditions," PCP 2004/4 issued by the Panel on Takeovers and Mergers, August 10, 2004. Thus, both the Takeover Code itself and the principles enunciated by the Panel can be read to expressly disallow and, at a minimum, disfavor the type of conditional bidding that Citi has claimed Terra Firma should have attempted. *See* Dyer Decl., Ex. A, Takeover Code, Rule 13 (limiting bidder conditions to certain items such as antitrust approval). Given the concerns and directives of the Panel, it is highly unlikely that a bidder could properly submit a formal offer to the shareholders of a public company conditioned upon the existence of another bid and certainly could not do so without first obtaining a waiver from the Panel. *See* Dyer Decl., Ex. A, Takeover Code, Notes on Rule 2.4. As a result, any contention by Citi that Terra Firma could or should have made such a

conditional offer to EMI's shareholders under the circumstances presented by the EMI bid is not only irrelevant, it is simply not supportable. Nor can Citi be permitted to argue that Terra Firma could have conditioned its offer letter to EMI, which was a precursor to the formal offer, on the existence of a Cerberus bid. The rules of the auction established by EMI and Greenhill and Company, EMI's independent advisor, prohibited conditioning a bid on the existence of another bid by expressly requiring Terra Firma to provide in the offer letter to the EMI board "[c]onfirmation that the only pre-conditions to the making of the Rule 2.5 offer announcement are the signature of your financing documentation and the recommendation of the board of EMI." Dyer Decl., Ex. C, May 20, 2007 email from Peter Bell (Greenhill) to Terra Firma diligence team, copied to Simon Borrows, (setting out "the details of the process that the board of EMI will conduct regarding potential offers for the company" and stating that "[bidders] are required to provide their final offer letter, including the confirmations set out below, by Monday 21 May 2007 at 9:00 a.m. UK time." (referred to herein as the "Auction Rules."), GREENHILL 0013737[1]

    Rule 402 of the Federal Rules of Evidence allows the admission of all relevant evidence but "[e]vidence that is not relevant is not admissible" Fed. R. Evid.. 402. Although the concept of relevance is liberally construed, it is not without limits. Evidence is relevant only if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid.. 401. Because the conditional or unconditional nature of Terra Firma's offer is of no consequence to the outcome of this litigation, evidence relating thereto lacks any probative value on the issues before this Court and is properly excluded pursuant to Rule 402.

---

[1] The Auction Rules further required "[c]onfirmation that no further approvals are required by your organization to make a rule 2.5 offer announcement."

3

Moreover, because there is no basis upon which to state that Terra Firma could have made conditional either its formal offer to EMI's shareholders under the Takeover Code or the offer letter to EMI's board, which is the precursor thereto, because it would violate the Takeover Code and Auction Rules, respectively. Citi should not be allowed to submit evidence of or make reference to the possibility of a conditional offer, any marginal probative value would be substantially outweighed by the factors discussed in Rule 403. For example, there is no question that such evidence would confuse and mislead the jurors and would primarily serve to unfairly prejudice Terra Firma rather than to inform the process or advance the interests of justice. Moreover, the introduction of this issue would invite – if not require – evidentiary presentations and argument on both sides that would waste the time and resources of the Court and the parties. For all of these reasons, even if evidence regarding a potential conditional offer for EMI had some probative value, any such value would be substantially outweighed by the factors that support exclusion. Fed. R. Evid. 403.

In sum, Citi should not be allowed to distract the jury from the fraudulent conduct at issue by pointing to an unsupportable and irrelevant contention that Terra Firma should have doubted Wormsley's representations or tested his veracity by making a conditional bid. For this reason, any argument, evidence or suggestion by Citi in this regard should be barred from the trial of this matter.

## **CONCLUSION**

For the foregoing reasons Terra Firma's Motion *In Limine* to preclude evidence on or reference to the possibility that Terra Firma could have made a conditional offer for EMI should be granted.

Dated: October 4, 2010
       New York, New York

Respectfully submitted,

BOIES, SCHILLER & FLEXNER LLP

By: _____
David Boies
333 Main Street
Armonk, New York 10504
Tel.: 914-749-8200

Jonathan Sherman
William C. Jackson
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
Tel.: 202-237-2727

Christopher E. Duffy
575 Lexington Avenue, 7th Floor
New York, New York 10022
Tel.: 212-446-2300

*Attorneys for Plaintiffs Terra Firma Investments (GP) 2 Ltd. and Terra Firma Investments (GP) 3 Ltd.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing MEMORANDUM OF LAW OF TERRA FIRMA INVESTMENTS (GP) 2 LTD. AND TERRA FIRMA INVESTMENTS (GP) 3 LTD. IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARUMENT SUGGESTING TERRA FIRMA COULD HAVE MADE A CONDITIONAL BID to be served via hand delivery on October 4, 2010 to Defendants through their counsel

Jay Cohen
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019

_____
Thomas Short