11-126-cv
Terra Firma Investments v. Citigroup

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2012

(Argued: October 4, 2012    Decided: May 31, 2013)

Docket No. 11-126

------------------------------------------------------x

TERRA FIRMA INVESTMENTS (GP) 2 LIMITED, TERRA FIRMA
INVESTMENTS (GP) 3 LIMITED,

    Plaintiffs-Appellants,

-- v. --

CITIGROUP INC., CITIGROUP GLOBAL MARKETS LIMITED,
CITIGROUP GLOBAL MARKETS INC., CITIBANK, N.A.,

    Defendants-Appellees.

------------------------------------------------------x

B e f o r e :  WALKER, LYNCH, and LOHIER, Circuit Judges.

    Plaintiffs-Appellants Terra Firma Investments (GP) 2 Ltd. and Terra Firma Investments (GP) 3 Ltd. appeal from the September 14, November 2, and December 9, 2010 written orders and the November 1, 2010 oral order of the District Court for the Southern District of New York (Rakoff, Judge) granting judgment in favor of Defendants-Appellees Citigroup Inc., Citigroup Global Markets Ltd., Citigroup Global Markets Inc., and Citibank, N.A. Because the district court's jury instructions were based on an inaccurate understanding of the relevant English law, the case must be VACATED and REMANDED for a new trial.

Judge Lohier joins the opinion of the Court and files a concurring opinion.

> DAVID BOIES (Christopher E. Duffy, Jonathan H. Sherman, on the brief), Boies, Schiller & Flexner LLP, New York, NY, for Plaintiffs-Appellants.
>
> JAY COHEN (Brad S. Karp, Theodore V. Wells, Jr., John F. Baughman, on the brief), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, for Defendants-Appellees.

JOHN M. WALKER, JR., Circuit Judge:

Absent fundamental error, we are loath to overturn a jury verdict in a civil case. Jury trials are expensive, in time and resources, both for the litigating parties and for society as a whole. We are particularly reluctant to overturn a jury verdict when, as here, it appears that both parties have had a fair bite at the proverbial apple.

The basic conflict in this case is of the he-said-she-said variety which, under our system of law, juries usually resolve. The principal actors on both sides provided their version of events, exceptional trial lawyers marshaled and clarified the evidence, and a gifted judge presented the issue to the jury for its evaluation.

In its instructions to the jury, however, the district court erred in its description of the English burden-shifting rule. Whether that error actually affected the jury's determination is

unknowable. See Cweklinsky v. Mobil Chem. Co., 364 F.3d 68, 77 (2d Cir. 2004) (noting that when an appellate court cannot "determine with certainty that the district court's erroneous instruction did not affect the jury's verdict, [it] cannot deem that error harmless"). Under our precedent, it is accepted that an error in instructing a jury on the burden of proof is ordinarily harmful. See, e.g., Bank of China, N.Y. Branch v. NBM LLC, 359 F.3d 171, 176 (2d Cir. 2004) ("If an instruction improperly directs the jury on whether the plaintiff has satisfied her burden of proof, it is not harmless error because it goes directly to the plaintiff's claim, and a new trial is warranted." (quotation marks omitted)); LNC Invs., Inc. v. First Fid. Bank, N.A. N.J., 173 F.3d 454, 462-63 (2d Cir. 1999) (reversing on the basis that district court improperly instructed the jury on the standard for reliance). Accordingly, we must VACATE and REMAND the case for a new trial.

**BACKGROUND**

Terra Firma appeals from the 2010 judgment, following a jury trial, of the District Court for the Southern District of New York (Rakoff, Judge) for Citi.[1] This judgment, in conjunction with

---

[1] "Terra Firma" includes plaintiffs-appellants Terra Firma Investments (GP) 2 Ltd. and Terra Firma Investments (GP) 3 Ltd.; "Citi" is shorthand for defendants-appellees Citigroup Inc., Citigroup Global Markets Ltd., Citigroup Global Markets Inc., and Citibank, N.A.

earlier orders dismissing Terra Firma's other claims as a matter of law, terminated this suit.

The primary actors are Terra Firma, a private equity firm; Guy Hands, Terra Firma's principal; EMI Group, a company Terra Firma purchased at auction; Citi, a financial services company and both a buy-side and sell-side adviser in the EMI Group auction; David Wormsley, one of Citi's bankers; and Cerberus, another private equity firm rumored to be participating in the auction.

In 2007, EMI Group was put up for auction. Wormsley allegedly made numerous statements that caused Terra Firma to bid more than necessary in order to acquire it. Specifically, on May 18 and twice on May 20, 2007, Wormsley allegedly informed Hands that Cerberus was bidding 262 pence per share for EMI Group and that Terra Firma would have to exceed that bid to win the auction. Wormsley also allegedly knew that Cerberus had pulled out of the auction as of May 19.

In September 2007, Hands learned that Cerberus never placed a bid in the auction. In December 2009, Terra Firma brought claims of fraudulent misrepresentation, negligent misrepresentation, fraudulent concealment, and tortious interference with prospective economic advantage against Citi.

After the parties agreed that the case was governed by English law, the district court granted summary judgment on the negligent misrepresentation and tortious interference claims and allowed the

other two to proceed to trial. At the close of Terra Firma's case, the district court granted Citi's motion for judgment as a matter of law on the fraudulent concealment claim. The jury then found in Citi's favor on the remaining fraudulent misrepresentation claim.

Among other arguments advanced on appeal, Terra Firma contends that the jury instruction on the reliance element of the fraudulent misrepresentation claim was erroneous.

**DISCUSSION**

The Second Circuit "review[s] a claim of error in jury instructions *de novo*, reversing only where, viewing the charge as a whole, there was a prejudicial error." United States v. Quattrone, 441 F.3d 153, 177 (2d Cir. 2006) (quotation marks omitted). After conducting a de novo review, we find that the district court failed to properly instruct the jury on the presumption of reliance.[2]

It is undisputed that, to prove fraudulent misrepresentation under English law, a plaintiff must demonstrate (1) a misrepresentation which is (2) false, (3) dishonest, (4) intended to be relied upon, (5) is relied on, and (6) thereby causes damage.[3]

---

[2] Because this finding warrants remand for a new trial, we need not discuss at length Terra Firma's alternative argument that the district court's instruction to the jury regarding the benefit/detriment language was also error. These jury instructions likely misled the jury by seeming to require additional findings of fact. Any such error, however, may be corrected in the event of a retrial.

[3] If the jury had found that Wormsley never made the statements in question, there would be no need to evaluate whether the district

When the misrepresentation is one on which a reasonable person would rely, there is a rebuttable presumption of reliance.[4] The question before us is <u>when</u> this presumption is relevant: prior to trial, as a procedural requirement (an "evidential presumption"), or at trial, as a burden-shifting device (a "persuasive presumption").

While English law recognizes both evidential and persuasive presumptions, we find little evidence that the presumption contested here operates as a pre-trial procedural requirement. Instead, as applied in English case law, the presumption is a burden-shifting device. See <u>Barton v. Cnty. NatWest Ltd.</u> [1999] Lloyd's Rep. Bank. 408 (A.C.) at 421-22 (describing the presumption as "one of fact," the effect of which "is to alter the burden of proof" and applying it as such); <u>Dadourian Grp. Int'l, Inc. v. Simms</u> [2006] EWHC (Ch) 2973, [546] ("[T]he court's function is

---

court's instructions on reliance were appropriate, because there would be no question of reliance. However, because the verdict form does not distinguish between the different elements of a fraudulent misrepresentation claim, we must assume for the purposes of this argument that Wormsley made the alleged statements.

[4] Citi disputes whether Terra Firma is entitled to this presumption, on the basis that it was not reasonable for Terra Firma to make a bid worth billions of dollars on the statements of one outside advisor. Terra Firma notes, however, that under English law if the alleged misrepresentation "plays a real and substantial part, though not by itself a decisive part, in inducing a plaintiff to act, it is a cause of his loss and he relies on it, no matter how strong or how many are the other matters which play their part in inducing him to act." <u>JEB Fasteners Ltd. v. Marks Bloom & Co.</u> [1983] 1 All E.R. 583 (A.C.) at 589.

simply to decide, on a balance of probabilities on the whole evidence, whether the representation did or did not induce the representee to act in a certain way, <u>with the onus being on the representor to show that it did not</u>." (emphasis added)); <u>Pan Atl. Ins. Co. Ltd. v. Pine Top Ins. Co. Ltd.</u> [1995] 1 A.C. 501 (H.L.), 542 (noting that proving reliance "may be made more easy by a presumption of inducement"); see also <u>Barton</u> at 421 (observing that the presumption will remain unless the opposing party "<u>satisfies the court to the contrary</u>" (emphasis added); Colin Tapper, <u>Cross and Tapper on Evidence</u> (12th ed. 2006) at 134 (noting that, where the "presumed fact must be taken to be established <u>unless the trier of fact is persuaded to the appropriate standard of the contrary</u>, then a persuasive burden has been cast upon the opponent of the presumed fact, and the presumption can reasonably be described as a <u>persuasive presumption. It is more accurate to speak of a shift in the burden of proof in the case of [this] stronger presumption</u>[] because [it] affect[s] what the judge does in leaving an issue to the jurors or withdrawing it from them, and may determine the manner in which he must direct the jury at the end of the case." (emphasis added)).[5]

---

[5] <u>Cross and Tapper</u> continues: "Every writer of sufficient intelligence to appreciate the difficulties of the subject-matter has approached the topic of presumptions with a sense of hopelessness, and has left it with a feeling of despair." <u>Cross and Tapper</u> at 134.

7

1    Citi correctly notes that reliance must be proved, not simply
2    presumed as a matter of law. But that general statement of the law
3    is not incompatible with a rebuttable presumption of reliance at
4    the fact-finding stage. If reliance were presumed as a matter of
5    law, there would be no need to present it to the jury. In other
6    words, the presumption would not be rebuttable. That the
7    presumption is rebuttable implies that it requires a factual
8    finding—but that conclusion is irrelevant to the question posed
9    here, which is who bears the burden of proof in establishing the
10   factual finding.[6]

11   The district court found that the presumption was procedural
12   and therefore "drop[s] out" in jury trials. J.A. 14864 (Trial Tr.);
13   see also id. (characterizing the doctrine at issue as procedural in
14   nature, and not a burden-shifting device). It analogized the

---

[6] Citi cites Smith v. Chadwick [1884] 9 App. Cas. 187 (P.C.) for its arguments to the contrary, but it misreads the case: the question there was whether, if a misrepresentation was sufficiently material, a court could presume reliance as a matter of law. Lord Blackburn found that a court could not, as there needed to be a factual determination of reliance. Id. at 196; see also Barton at 421 (quoting Smith); Pan Atl. at 570 (observing that Smith "exploded" the "heresy" that "inducement can be inferred from proven materiality, as a matter of law").

Smith does, however, provide some support for Citi's reading, as Lord Blackburn continues: "[T]here are a great many other things which might make it a fair question for the jury whether the evidence on which they might draw the inference was of such weight that they would draw the inference." Smith at 196. This statement would seem to imply that the presumption of the inference does not exist at jury trial. However, we find Barton's subsequent application of Smith more persuasive than this dictum.

contested doctrine to the burden shifting rule in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), where the evidentiary burden shifts prior to trial but "drop[s] out" at the trial stage. Id. As a result, the district court instructed the jury that Terra Firma had to prove, by a preponderance of the evidence, that it "did in fact rely on one or more [of Wormsley's] misrepresentations and that the misrepresentations were a substantial factor in causing Terra Firma to make the bid it made for EMI Group on May 21, 2007." J.A. 15284 (Jury Instructions).

As described above, such an instruction was inconsistent with English law and therefore was error. Because the jury instructions incorrectly shifted the burden of proof from Citi to Terra Firma on the reliance element, they were prejudicial and require reversal. See, e.g., Bank of China, 359 F.3d at 176; LNC Invs., Inc., 173 F.3d at 463.

Terra Firma also argues (1) that the negligent misrepresentation claim should not have been decided at summary judgment because the district court misinterpreted an agreement between the parties; (2) that the fraudulent concealment claim should not have been dismissed as a matter of law because the jury could have found Wormsley partially truthful or that Terra Firma could have abandoned its bid before it had been made public; and (3) that various evidentiary rulings were not within the district court's discretion.

We find these alternative arguments for reversal unpersuasive. First, the unambiguous terms of the parties' agreement had the effect of waiving Citi's negligence liability for Wormsley's statements. Second, no reasonable juror would have found in Terra Firma's favor on the fraudulent concealment claim, especially as there is little evidence that Terra Firma ever advanced the theories necessary to its appellate argument at trial. Finally, the district court acted well within its discretion when it precluded Terra Firma from introducing factual evidence and expert testimony. See United States v. Garcia, 413 F.3d 201, 210 (2d Cir. 2005).

## CONCLUSION

For the foregoing reasons, the district court's order granting judgment for Citi on the fraudulent misrepresentation claim is VACATED and the case is REMANDED for a new trial. The district court's dismissal of the negligent misrepresentation claim at summary judgment and of the fraudulent concealment claim as a matter of law are AFFIRMED.