UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

TERRA FIRMA INVESTMENTS (GP) 2 LIMITED,
and TERRA FIRMA INVESTMENTS (GP) 3
LIMITED,

                              Plaintiffs,

        -against-

CITIGROUP INC., CITIBANK, N.A., and
CITIGROUP GLOBAL MARKETS LIMITED,

                            Defendants.

------------------------------------------------------------------- X

Case No. 09 CIV 10459
(JSR)
ECF Case

# DEFENDANTS' MEMORANDUM IN SUPPORT OF
# THEIR MOTION TO DISMISS THIS ACTION FOR
# *FORUM NON CONVENIENS*

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP

Brad S. Karp, Esq.
Theodore V. Wells, Jr., Esq.
Jay Cohen, Esq.
John F. Baughman, Esq.

1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

*Attorneys for Defendants Citigroup Inc., Citibank,
N.A., and Citigroup Global Markets Limited*

## Table of Contents

**Page**

Table of Authorities ................................................................................................ ii

Preliminary Statement ........................................................................................... 1

Statement of Facts ................................................................................................. 5
    A.    Terra Firma's Complaint in This Action ................................................ 5
    B.    Citi's Prior *Forum Non Conveniens* Motion ...................................... 6
    C.    The First Trial Demonstrated That This Is an English Matter ............... 7
    D.    The Appeal, Remand, and Preparation for a New Trial ........................ 8
    E.    Mr. Hands' and Terra Firma's Claims in the Manchester Court ........... 9

Argument .............................................................................................................. 12

I.    The Court Can and Should Revisit the Issue of *Forum Non Conveniens* ......................... 12

II.    Under the Traditional *Gulf Oil* Analysis, Defendants' Motion to Dismiss this Action for *Forum Non Conveniens* Should Be Granted .................................. 14
    A.    Terra Firma's Choice of Forum Is Not Entitled to Deference ............. 15
    B.    The Courts of England Are an Available and Adequate Forum ........... 17
    C.    The Private Interest Factors Strongly Favor Litigation in England ....... 17
    D.    The Public Interest Factors Strongly Favor Litigation in England ........ 20

Conclusion ........................................................................................................... 24

**Table of Authorities**

Page(s)

**CASES**

*Alfadda v. Fenn*,
    159 F.3d 41, 45 (2d Cir. 1998)..........................................................................13

*Alfadda v. Fenn*,
    966 F. Supp. 1317, 1333-34 (S.D.N.Y. 1997) ..................................................13

*Allstate Life Ins. Co. v. Linter Grp. Ltd.*,
    994 F.2d 996, 1001 (2d Cir. 1993).....................................................................18

*In re Arbitration Between Monegasque De Reassurances S.A.M. v. Naf Naftogaz
    of Ukraine*, 311 F.3d 488, 500 (2d Cir. 2002) ...................................................20

*BCCI Holdings (Luxembourg), Societe Anonyme v. Mahfouz*,
    828 F. Supp. 92, 98 (D.D.C. 1993) .....................................................................19

*Blackrock, Inc. v. Schroders PLC*,
    2007 WL 1573933, at *5 (S.D.N.Y. May 30, 2007).........................................22

*Calavo Growers of Cal. v. Generali Belgium*,
    632 F.2d 963, 967-68 (2d Cir. 1980) ..................................................................20

*Connolly v. Kinay*,
    2012 WL 1027231, at *12 (S.D.N.Y. Mar. 27, 2012) .......................................14

*Crosstown Songs U.K. Ltd. v. Spirit Music Grp., Inc.*,
    513 F. Supp. 2d 13, 17-18 (S.D.N.Y. 2007) ......................................................20

*Espanã v. ABSG Consulting, Inc.*,
    334 F. App'x 383, 384 (2d. Cir. 2009) ...............................................................13

*Evolution Online Sys., Inc. v. Koninklijke PTT Nederland N.V.*,
    41 F. Supp. 2d 447, 452 (S.D.N.Y. 1999)....................................................21, 23

*Evolution Online Sys., Inc. v. Koninklijke PPT Nederland N.V., KPN*,
    145 F.3d 505, 510 (2d Cir. 1998).......................................................................13

*Guidi v. Inter-Continental Hotels Corp.*,
    224 F.3d 142, 148 (2d Cir. 2000).......................................................................19

*Gulf Oil Corp. v. Gilbert*,
    330 U.S. 501, 508-09 (1947) ..............................................................................14

Doc#: US1:9052703v1

*DiRienzo v. Philip Servs. Corp.*,
    294 F.3d 21, 31 (2d Cir. 2002)...........................................................................19

*Iragorri v. United Techs. Corp.*,
    274 F.3d 65, 71-74 (2d Cir. 2001) ...........................................................15, 17

*LaSala v. Bank of Cyprus Pub. Co. Ltd.*,
    510 F. Supp. 2d 246, 259-60 (S.D.N.Y. 2007) ..................................................19

*Lust v. Nederlandse Programma Stichting*,
    501 F. App'x 13, 15 (2d Cir. 2012) ....................................................................14

*Motorola Credit Corp. v. Uzan*,
    274 F. Supp. 2d 481, 503 (S.D.N.Y. 2003) (Rakoff, J.) ...................................14

*Ocean Shelf Trading Inc. v. Flota Mercante Grancolombiana S.A.*,
    638 F. Supp. 249, 253 (S.D.N.Y. 1986)............................................................19

*Online Payment Solutions Inc. v. Svenska Handelsbanken AB*,
    638 F. Supp. 2d 375, 381 (S.D.N.Y. 2009)........................................................22

*In re Optimal U.S. Litig.*,
    886 F. Supp. 2d 298, 311, 314 (S.D.N.Y. 2012)................................................13

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235, 260-61 (1981) .......................................................................21, 22

*Pollux Holding Ltd. v. Chase Manhattan Bank*,
    329 F.3d 64, 70, 76 (2d Cir. 2003)................................................................14, 23

*Scottish Air Int'l, Inc. v. British Caledonian Grp., PLC*,
    81 F.3d 1224, 1233 (2d Cir. 1996) .....................................................................19

*Snam Progetti S.p.A. v. Lauro Lines*,
    387 F. Supp. 322, 323 (S.D.N.Y. 1974)............................................................13

*Tel. Sys. Int'l, Inc. v. Network Telecom PLC*,
    303 F. Supp. 2d 377, 384 (S.D.N.Y. 2003)........................................................21

*Terra Firma Invs. (GP) 2 Ltd. v. Citigroup Inc.*,
    716 F.3d 296, 300-01 (2d Cir. 2013) ....................................................................8

*Terra Firma Invs. (GP) 2 Ltd. v. Citigroup Inc.*,
    725 F. Supp. 2d 438, 442-43 (S.D.N.Y. 2010) ............................................17, 22

*Van Cauwenberghe v. Biard*,
    486 U.S. 517, 528-29 (1988) .........................................................14, 17, 19

Doc#: US1:9052703v1

*Windt v. Qwest Commc'ns Int'l, Inc.*,
    529 F.3d 183, 195 (3d Cir. 2008)......................................................................................19

*Wyndham Assocs. v. Bintliff*,
    398 F.2d 614, 619 (2d Cir. 1968)....................................................................................16

## STATUTES

Section 49(2) of the Senior Courts Act 1981.............................................................20

## OTHER AUTHORITIES

17 James Wm. Moore, *Moore's Federal Practice* § 111.74[3][b] (3d ed. 2013)..........................12

Richard Ward & Amanda Wragg, *Walker & Walker's English Legal System* 341
    (9th ed. 2005).....................................................................................................23

Doc#: US1:9052703v1

Defendants Citigroup Inc. ("Citigroup"), Citibank, N.A. ("Citibank"), and Citigroup Global Markets Limited ("CGML") (collectively and together with non-party Citigroup Global Markets, Inc., "Citi") respectfully submit this memorandum in support of their motion to dismiss this action on the ground of *forum non conveniens*.

### Preliminary Statement

Guy Hands and the Plaintiffs are here on false pretenses.

At the start of this litigation, they persuaded this Court to deny Citi's *forum non conveniens* motion, making representations about the location of "key witnesses," and claiming that critical events had taken place in New York.   They also complained about the "inconvenience" and "legal risk" they faced if forced to litigate in England.

Plaintiffs' statements were not true.  At the first trial, there were no fact witnesses or other significant evidence from New York.  And, it is now undeniable that Plaintiffs' prior explanations about their choice of this forum were contrived.  Their own actions prove the point.

Just weeks before the scheduled retrial in this matter, Mr. Hands and a variety of Terra Firma entities he controls (including Plaintiffs) surreptitiously *filed three separate lawsuits in England*, in a transparent attempt to get a third, fourth, and fifth bite at the apple in the event that a second Southern District jury rejected their claims.  This is blatant forum shopping and Plaintiffs' piecemeal approach to litigation justifies this Court revisiting the question of *forum non conveniens*.  Based on new information, including a much more complete evidentiary record than was previously available, the Court should dismiss this action.  Mr. Hands and his Terra Firma companies should be required to litigate their myriad overlapping claims, all of which arise under English law, in a single forum:  the English courts that they have now embraced.

The relevant facts that support dismissal cannot be disputed:

- In August and September – just weeks before the scheduled retrial – Mr. Hands and various Terra Firma companies filed *three separate lawsuits* (each listing a variety of causes of action) in the Mercantile Court in Manchester, England, naming CGML and Citibank as defendants.

- The claims pleaded in the Manchester actions are *based on the same allegations at issue in this case*, and arise from the same underlying events.

- Terra Firma's solicitor attested to the Manchester court that some of the new claims were filed on August 12, 2013 to beat an expiring statute of limitations.

- Mr. Hands and Terra Firma did not serve any of their new claims on Citi in the period leading up to the October 7 retrial date.

- Mr. Hands and Terra Firma continued to prepare for the scheduled October retrial, and revealed nothing to Citi or this Court about their new English claims, apparently preferring to use the four months for service available under English law to keep the Manchester actions as a hedge against a second adverse jury verdict in this Court.

Plaintiffs' plan unraveled, however, with the adjournment of the October 7 retrial. Unable to keep all of their Manchester claims in reserve, because of the need to serve or have the statute of limitations run in England, Plaintiffs have now disclosed one of their English lawsuits. They served one of their three Manchester "claim forms" on November 19, 2013.

But even that service of one of the Manchester lawsuits is part of a continuing game of deception and duplicative litigation. Mr. Hands and Terra Firma have remained silent about the two other lawsuits they have lying in wait in the Manchester court file. It is obvious why: the one claim form they have served alleges a fraud by Citi in connection with Terra Firma's purchase of EMI but does not mention David Wormsley and the various telephone calls that were the centerpiece of the first trial. Thus, Mr. Hands and Terra Firma want to preserve the fiction that they are somehow pursuing different claims in England and in this Court. Again, however, their own actions demonstrate that any such claim is a charade.

2

The claim form that Mr. Hands and some of his companies filed on September 24, 2013, includes allegations about the telephone calls and supposed false statements by David Wormsley, the precise allegations at the heart of the English law deceit claim tried (and to be retried) in this Court.  Further, this claim form lists Mr. Hands personally as a claimant and pleads that he is the "sole owner" of the named Plaintiffs in this Court – contradicting prior statements here about the separate identities of various "Terra Firma" entities.

The filing of the three Manchester actions is proof positive that Mr. Hands and Terra Firma have no intention of accepting as final any decision of this Court that relates to their perceived grievances against Citi.  This warrants dismissal of the one claim still pending here on the grounds of *forum non conveniens*.  As the first trial showed, this dispute depends entirely on Mr. Hands' personal version of events that took place in England, for which he and his companies seek to recover damages under English law.  To the extent Mr. Hands and his Terra Firma companies are entitled to further judicial examination of their complaints, proceedings should take place in the English forum that they have now adopted.

Further, the Court now has actual evidence – unavailable on Defendants' initial *forum non conveniens* motion – establishing conclusively that this is an English matter.  Plaintiff can no longer claim that "key witnesses" are located in New York, as none testified at the first trial and none were named on Plaintiffs' witness list for the retrial.  Similarly, Plaintiffs can no longer argue that it is inconvenient for them to litigate this dispute in an English court, as they are doing precisely that.  And, it is now indisputable that the Plaintiffs' lone remaining claim in this case is only part of a much larger dispute abroad.  That dispute involves numerous parties not before this Court and a variety of foreign causes of action that are currently not pending in

Doc#: US1:9052703v1

this Court.  England and the United States both strongly favor resolving related disputes in a single action and the place to do that is in England.

Finally, Plaintiffs do not have a "legitimate" reason for being here.  As shown by events of the past three years, in general, and the last three months in particular, Plaintiffs prefer this forum solely for the purpose of presenting English claims (with substantive advantages and a lower burden of proof than would apply under New York law) to an American jury.  They seek a more favorable trial than they could get in either an English or New York court applying its own law and procedure.  That is no basis for continuing this litigation (now only part of a larger dispute) in a demonstrably inconvenient forum.

The record here illustrates why the *forum non conveniens* doctrine is necessarily flexible and interlocutory, permitting dismissals even after a reversal on appeal.  The Court needs to be able to reevaluate preliminary discretionary rulings when the representations on which they were made could not be sustained or when circumstances have otherwise changed.  With this in mind, the Court should not indulge Mr. Hands' and Terra Firma's continuing legal tourism.  No more of this Court's limited time and resources should be wasted on a case that should have been brought originally in the English forum that Plaintiffs have belatedly chosen.

Doc#: US1:9052703v1

Statement of Facts[1]

A.     Terra Firma's Complaint in This Action

Plaintiffs (the "GP's") are two Guernsey-based companies that act as the general partners of seven limited partnerships that make up two "Terra Firma" funds.[2]  Compl. ¶¶ 18-19. Purporting to act on behalf of the underlying limited partnerships, the GP's sued Citi in New York,[3] asserting four claims:  fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation and tortious interference with prospective economic advantage.

Plaintiffs' first three claims concerned alleged misstatements by Citi in connection with Terra Firma's acquisition of EMI in 2007.  The Complaint – and the previous trial – focused on supposed misrepresentations by Citibanker David Wormsley concerning the existence of another bidder in the "auction" to purchase EMI.

As Mr. Hands explained in a declaration to this Court (the "Hands 2010 Declaration"),[4] however, Terra Firma's claims encompassed more than just Mr. Wormsley's alleged statements.  Thus, according to Mr. Hands, Terra Firma's original claims were based also on a "financing promise" and "strategic assurances" made by senior Citi executives including Michael Klein, Chad Leat and Citi's then-CEO, Charles Prince.  Hands 2010 Dec. ¶¶ 4-20. Indeed, these "assurances" occurred both before and after Terra Firma submitted its bid for EMI

---

[1]   Supporting material is provided in the accompanying declarations of John Baughman ("Baughman Dec."), Roger Best ("Best Dec.") and Ewan McQuater (McQuater Dec."). References to "Trial Tr." refer to the excerpted trial transcripts, which have been collected and included as Baughman Dec. Ex. 12.

[2]   As Mr. Hands has explained, "Terra Firma" is a "colloquialism" that means "anything which Terra Firma is connected with."  Hands Dep. Tr. 13-14 (Baughman Dec. Ex. 11).

[3]   The Complaint was initially filed in state court.  Citi removed and Plaintiffs did not object.

[4]   The Hands 2010 Declaration (or "Hands 2010 Dec.") is in the Court's file as ECF No. 23. For the Court's convenience, a copy is submitted as Baughman Dec. Ex. 1.

on May 21, 2007, including at a meeting at "Citi's New York offices on August 8, 2007." *Id*. ¶ 16.

Plaintiffs' fourth claim in the Complaint alleged that Citi had not acted as a "normal lender" and supposedly sought to undermine Terra Firma's investment in EMI, to "force EMI to default on its obligations [to Citi]."  Compl. ¶¶ 150-151.

### B.     Citi's Prior *Forum Non Conveniens* Motion

On January 21, 2010, Citi moved to dismiss Plaintiffs' Complaint for *forum non conveniens*.  ECF No. 12.  Plaintiffs opposed the motion, relying on the Hands 2010 Declaration and various supporting documents, including an opinion from a leading English barrister.  They raised three principal arguments for keeping their case in this forum:

First, they claimed that "testimony in this case will be needed from a wide number of witnesses based in the United States."  Hands 2010 Dec. at 4 n.1.  Thus, Plaintiffs identified "important non-party witnesses [] in New York."  Pl. 2010 Mem. at 5 (ECF No. 27). These included former Citi executives Mr. Klein and Mr. Prince, the former CEO of EMI's music publishing business, Roger Faxon (who Terra Firma controlled at the time of the last trial), and representatives of four competing bidders, Cerberus Capital Management, Fortress Investment Group, One Equity Partners, and Warner Music Group.

Second, Mr. Hands and Terra Firma claimed that "many of the most significant events leading to the litigation took place in New York."  *Id*. at 19.  These included the "financing promise" and "strategic assurances" that Mr. Hands described in his 2010 declaration.

Third, Terra Firma argued that litigating in an English court would be "inconvenient," due to the purported "legal risk" of conducting board meetings in England, which might result in the Plaintiffs owing U.K. tax.  *Id*. at 8.  Similarly, Mr. Hands argued that his personal tax status would be affected by litigation in England.  Hands 2010 Dec. ¶¶ 45-46.

Doc#: US1:9052703v1

Plaintiffs and Mr. Hands were strident and unequivocal about the supposed hardships of litigating in England.  Plaintiffs' opposition brief stated:

> Appearing at trial in England and spending continuous time there managing this litigation is therefore *a risk that Plaintiffs strongly prefer not to take*.  It would be *highly inconvenient* to hold board meetings outside the U.K. while at the same time litigating this case in England.

Pl. 2010 Mem. at 8 (ECF No. 27) (emphasis added).  To support this, Plaintiffs had their barrister opine that "*any* competent UK tax advisor" would advise that litigation in England would be "undesirable."  Flesch Dec. ¶ 29 (ECF No. 24) (emphasis added).

The Court denied Citi's motion to dismiss on March 24, 2010.  ECF No. 36.

### C.     The First Trial Demonstrated That This Is an English Matter

During discovery, the parties took forty-one fact depositions.  The vast majority of the deponents – twenty-seven – lived in England.  Baughman Dec. ¶ 10 & Ex. 8 ("Table 1").  Six additional witnesses (most controlled by Terra Firma) were from Guernsey, one was from Canada and only seven were from the United States.  *Id*.  At trial, eighteen fact witnesses testified, either live or by videotape.  *None* were from the United States.  Thirteen were from England and five were from Guernsey.   Baughman Dec. ¶ 11 & Ex. 9 ("Table 2").

Furthermore, almost half of the fact witnesses – eight of eighteen – were third parties who were not available to testify in New York.  *Id*.  Thus, the jury did not have the benefit of observing live testimony; videotaped depositions had to be shown instead. These unavailable witnesses included people with testimony about key issues in the case, such as:

- Senior EMI executives who testified that they – not Mr. Wormsley – discussed sensitive price information with Mr. Hands and other bidders. Trial Tr. 2097 (Nicoli); Trial Tr. 2125-26 (Stewart).

- Nobody informed Mr. Wormsley that Cerberus dropped out of the bidding prior to the May 21 deadline.  Trial Tr. 2089 (Nicoli); Trial Tr. 2124 (Stewart); Trial Tr. 952-53 (Borrows).

7

- The custodian of records of NetJets produced the log book from Mr. Hands' private jet, which proved that a supposed telephone call between Mr. Hands and Mr. Wormsley could not have happened because the plane was in the air at the relevant time.  Trial Tr. 1839-45 (Werner).

None of the "key witnesses" from New York identified in Plaintiffs' opposition to the *forum non conveniens* motion testified at trial.[5]  Likewise, no witnesses gave *any* testimony about the "key events" that Mr. Hands said had taken place in New York, such as his August 2007 meeting with Citi executives.  The testimony at trial instead focused on events in England and Guernsey (a wide array of meetings and telephone calls) and Terra Firma's purported damages (calculated, of course, in British pounds).

As to the law, the parties and the Court agreed that Terra Firma's claims should be decided under English substantive law and U.S. procedural law.  This led to a very unusual result:  the case was decided by a U.S. jury interpreting the English law of deceit and applying an English "preponderance" burden of proof.  Trial Tr. 2451-2456.[6]

D.     **The Appeal, Remand, and Preparation for a New Trial**

On appeal, the Second Circuit reversed the jury's verdict on the ground that there was a flaw in the instruction describing the elements of the English claim of deceit.  Specifically, the Court of Appeals held Plaintiffs were entitled to a "presumption" of reliance.  *Terra Firma Invs. (GP) 2 Ltd. v. Citigroup Inc.*, 716 F.3d 296, 300-01 (2d Cir. 2013).  No such presumption exists in analogous New York fraud law.

---

[5]   Indeed, Plaintiffs noticed the depositions of only three of these "key witnesses":  Mr. Klein, Mr. Prince and a representative of Cerberus.  Baughman Dec. Exs. 2-4.  Citi noticed the deposition of Mr. Faxon.  *Id.* Ex. 2.

[6]   The only claim submitted to the jury was fraudulent misrepresentation (deceit).  Prior to trial, the Court granted summary judgment on Plaintiffs' claims of negligent misrepresentation and tortious interference.  ECF No. 98.  At the close of evidence, the Court dismissed Terra Firma's claim for fraudulent concealment.  Trial Tr. 2024-25.  The Court also dismissed all claims against Defendant Citigroup Global Markets Inc.  Trial Tr. 1820.

Doc#: US1:9052703v1

Following remand, this Court scheduled a retrial to begin on October 7, 2013. Due to unexpected developments, however, on September 25, 2013, the retrial had to be adjourned and it was subsequently rescheduled for July 7, 2013.  Baughman Dec. ¶ 15.

The witness lists the parties exchanged in preparation for the retrial show that this case remains an English matter.  Baughman Dec. Exs. 5-6. Plaintiffs and Citi collectively identified twenty-nine fact witnesses who may testify, either live or by videotape.  Of these, twenty-two are from England, six are from Guernsey and one is from New York.  *Id*. ¶ 12 & Ex. 10 ("Table 3").  Terra Firma has identified four witnesses it did not call at the last trial but whom it now expects to call live at the retrial.  Tables 2 & 3.  All of them are from England or Guernsey.  And, the parties have identified three new non-party witnesses who may have to testify by video because they are unavailable:  Greenhill's Peter Bell, former Terra Firma lawyer Michael Slattery (who appeared live at the first trial), and former Terra Firma director Karen Dolenec.  *Id*. Table 3.  All of these witnesses live in England.  Baughman Dec. ¶ 12 & Table 3.

The lone potential witness in New York is Roger Faxon, who Defendants may call to describe Terra Firma's 2011 default on its obligations to Citi.  Notwithstanding that Plaintiffs characterized him as a "key witness" in their 2010 *forum non conveniens* papers, in September 2013 they served a motion *to preclude* Defendants from calling Mr. Faxon at the retrial.  Baughman Dec. Ex. 7.

### E.   Mr. Hands' and Terra Firma's Claims in the Manchester Court

Beginning in August of this year, while preparations for the retrial were well under way, Mr. Hands and various Terra Firma entities obtained the issue of "claim forms" against two of the Defendants in this action (CGML and Citibank) in the Manchester District Registry (Mercantile Court) in Manchester, England.  Best Dec. ¶¶ 22-28 & Exs. 1, 1A, 4, 4A, 5 & 5A.  Obtaining the issuance of a claim form is how a lawsuit is started in England.  McQuater

Dec. ¶ 4.  Under English procedure a claimant has at least four months to effect service from the date a claim form is issued.  *Id*. ¶ 6.  The matters pleaded in the Manchester claim forms overlap significantly with the allegations in the Complaint, particularly in light of the matters discussed in the Hands 2010 Declaration.

The "First Manchester Claim Form" was filed on August 12, 2013 and amended the next day.  Best Dec. Ex. 1 & 1A.  The claimants are the two Terra Firma GP's that are the Plaintiffs here, as well as the seven limited partnerships on whose behalf the GP's purport to bring this action.  This lawsuit is based on supposed statements by Citi executives at the August 2007 meeting described in Paragraph 16 of the Hands 2010 Declaration and pleads a variety of causes of action, including common law and statutory claims.  Best Dec. Ex. 1A ¶ 8.  When this form was submitted to the Manchester court, Terra Firma's solicitor certified "that the issue of this claim form is urgent because limitation expires today."  Best Dec. Ex. 2.  The First Manchester Claim Form has not been served or, as far as Citi is aware, withdrawn.

The "Second Manchester Claim Form" was issued on August 27, 2013.  Best Dec. Ex. 4.  The claimants are the same nine Terra Firma entities as in the first Manchester action. The claim form refers to the same purported August 2007 statements that are the basis of the first Manchester action, as well as to alleged statements relating to the "financing promise" and "strategic assurances" described in the Hands 2010 Declaration.  *Id*. ¶ 5.  The claim form also refers to alleged statements by Citi executives Mr. Klein and Mr. Leat in June and July 2007 that concerned Terra Firm's then-conditional bid to purchase EMI.  *Id*. ¶ 3.  Based on these allegations, this action seeks:

> damages for deceit; and/or negligence; and/or breach of duty of care; and/or negligent misstatement; and/or pursuant to section 2(1) of the Misrepresentation Act 1967; together with interest pursuant to section 35A of the Senior Courts Act; and costs; and such further or other relief that the Court deems appropriate.

*Id.* ¶ 11. Terra Firma served the Second Manchester Claim Form on November 19, 2013. Best Dec. ¶ 30 & Ex. 4A.

The "Third Manchester Claim Form" was issued on September 12, 2013 and amended on September 24, 2013. Best Dec. Ex. 5 & 5A. The claimants are Mr. Hands himself and four other Terra Firma entities, for all of which Mr. Hands is described as the "ultimate beneficial owner." *Id.* Ex. 5A at ¶ 1. This claim form further pleads that one of the claimants – Terra Firma Holdings Limited ("TFHL") – "is the sole owner" of Terra Firma (GP) 3 Limited and Terra Firma (GP) 2 Limited, *i.e.*, the Plaintiffs in this action. In other words, Mr. Hands now concedes in the Manchester court that, by virtue of his interest in TFHL, he is the "sole owner" of the Plaintiffs here. He has never previously admitted this in this litigation and, indeed, he and the companies he controls have gone to great lengths to obscure his 100% ownership and domination of these entities. For example, at the trial in this Court, Mr. Hands testified under oath: "It's not fair to say the GP is my company, no." Trial Tr. 374.

The Third Manchester Claim Form tracks the allegations of the first two Manchester claim forms, with one crucial addition. It adds allegations about Mr. Wormsley that were the focus of the Complaint and first trial in this action. Best Dec. Ex. 5A at ¶¶ 4-5. The causes of action alleged are identical to those pleaded in the Second Manchester Claim Form. *Id.* ¶ 15. The Third Manchester Claim Form has not been served or, as far as Citi is aware, withdrawn.

Taken together, the three Manchester claim forms encompass all of the substantive allegations that were tried in this Court in October 2010 and that are scheduled to be tried again in July 2014, although the nominal parties and causes of action asserted vary.

Doc#: US1:9052703v1

Neither Mr. Hands nor Terra Firma has ever advised Citi of the existence of the First Manchester Claim Form or the Third Manchester Claim Form.  Citi had to find those claims on its own, through a search of court records in England.  Best Dec. ¶¶ 19-28.[7]

### Argument

There is ample cause to grant Defendants' motion to dismiss this action for *forum non conveniens*.  Mr. Hands and thirteen Terra Firma entities have now brought three separate lawsuits in England based on the same allegations at issue in this case.  These new English lawsuits establish three significant points:  (1) far from being "inconvenienced" by litigating in England, Mr. Hands and Terra Firma are perfectly happy to do so when it suits them; (2) this action is part of a larger dispute involving many more parties and causes of action than remain pending here; and (3) Mr. Hands and Terra Firma have needlessly expended the time and resources of this Court in an action they do not view as finally resolving their claims.  Both the U.S. and England strongly favor deciding related disputes in a single proceeding and avoiding the risk of inconsistent results.  These are strong reasons, along with specific considerations dictated by the *Gulf Oil* factors, for sending this case where it belongs:  the courts of England.

### I.      The Court Can and Should Revisit the Issue of *Forum Non Conveniens*

In considering a *forum non conveniens* motion, "the court is not required to ignore facts that arise after the suit was filed.  Any matters may be considered that are relevant at the time the factors are weighed."  17 James Wm. Moore, *Moore's Federal Practice* § 111.74[3][b] (3d ed. 2013).  Accordingly, such a motion "may be addressed to the discretion of the court *at*

---

[7]   There is no centralized way to search for claims filed in England's many courts.  Best Dec. ¶¶ 9-14.  London-based claimants sometimes file claims in distant courts, like Manchester, if they have tactical reasons to hide the existence of their claims.  *See* McQuater Dec. ¶ 15. Indeed, it is possible that there are other hidden claim forms in courts scattered around England.  Only Mr. Hands knows for sure how many lawsuits have been filed relating to Terra Firma's purchase of EMI.

*any time*." *Snam Progetti S.p.A. v. Lauro Lines*, 387 F. Supp. 322, 323 (S.D.N.Y. 1974) (emphasis added). In particular, it is entirely appropriate for a court to entertain a renewed *forum non conveniens* motion if circumstances have changed. *See In re Optimal U.S. Litig.*, 886 F. Supp. 2d 298, 311, 314 (S.D.N.Y. 2012) (reconsidering prior denial of *forum non conveniens* motion and dismissing the case because the balance of the relevant factors had changed). This includes situations where there has been a reversal on appeal and a remand to the district court. *See, e.g., Evolution Online Sys., Inc. v. Koninklijke PPT Nederland N.V., KPN,* 145 F.3d 505, 510 (2d Cir. 1998) (reversing Rule 12 dismissal but nevertheless advising that "the district court should consider whether it is appropriate to dismiss Evolution's remaining claims under the doctrine of forum non conveniens"); *Espanã v. ABSG Consulting, Inc.,* 334 F. App'x 383, 384 (2d. Cir. 2009) (reversing entry of summary judgment but noting that the district court was not required to exercise jurisdiction: "On remand, it may consider whether principles of *forum non conveniens* or international comity support a discretionary decision not to exercise jurisdiction").

For example, in *Alfadda v. Fenn*, Judge McKenna granted a renewed *forum non conveniens* motion filed (i) four years after a previous motion had been denied and (ii) seven years after the Complaint was filed. 966 F. Supp. 1317, 1333-34 (S.D.N.Y. 1997). The Second Circuit affirmed, and specifically rejected the argument that "the massive discovery and preparation" the parties had undertaken in this district made dismissal inappropriate. *Alfadda v. Fenn*, 159 F.3d 41, 45 (2d Cir. 1998).

In short, there is no bar to the Court revisiting the *forum non conveniens* issue and, given the unique circumstances here, the Court should not hesitate to do so.[8]

---

[8]    Citi acknowledges that, in another case, this Court once denied a post-trial *forum non conveniens* motion and stated that "given that the trial on the merits has already concluded, the notion that it would be more 'convenient' to retry the case in another forum is absurd."

II.     **Under the Traditional *Gulf Oil* Analysis, Defendants' Motion to Dismiss this Action for *Forum Non Conveniens* Should Be Granted**

In deciding whether to dismiss on *forum non conveniens* grounds, the Court conducts a three-part inquiry examining: (1) the level of deference given to the plaintiffs' choice of forum; (2) whether an adequate alternative forum exists; and (3) various public and private factors described in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir. 2003). The precise factors set out in *Gulf Oil*, however, are "by no means exhaustive, and some factors may not be relevant in the context of a particular case." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528-29 (1988).

In this case, the *Gulf Oil* factors and other relevant considerations (such as Plaintiffs' prior misrepresentations and their demonstrable forum shopping) "tilt heavily" in favor of the alternative forum: an English court. *See Lust v. Nederlandse Programma Stichting*, 501 F. App'x 13, 15 (2d Cir. 2012) ("It was . . . not an abuse of discretion for the district court to conclude the private interest factors tilted heavily toward litigation in the Netherlands."); *Connolly v. Kinay*, 2012 WL 1027231, at *12 (S.D.N.Y. Mar. 27, 2012) (the public interest factors "tilt [ ] heavily in favor of TCI and support dismissal of this action on *forum non conveniens* grounds").

---

*Motorola Credit Corp. v. Uzan*, 274 F. Supp. 2d 481, 503 (S.D.N.Y. 2003) (Rakoff, J.). Obviously, this Court is uniquely qualified to compare the circumstances here to those presented in *Motorola Credit Corp.* For current purposes, however, what is important is although the motion was denied in that case, this Court nevertheless considered the matter on the merits, performing the required *Gulf Oil* analysis and concluding that the defendants (i) had not established the existence of an available alternate forum and (ii) "could not satisfy the second [*Gulf Oil*] requirement of showing that the balance of public and private factors weighed sufficient in their favor to overcome plaintiffs' choice of forum." *Id.* Thus, *Motorola Credit Corp.* supports Citi's position: if the required showing can be made, dismissal is appropriate, even if there has already been a trial in this district. Because that standard is met here, this case should be dismissed.

Doc#: US1:9052703v1

### A.    Terra Firma's Choice of Forum Is Not Entitled to Deference

Plaintiffs' decision to pursue claims in this forum is entitled to deference only if the choice was "dictated by reasons that the law recognizes as valid." *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71-72 (2d Cir. 2001) (en banc).  The more it appears that this lawsuit has a "bona fide connection" to New York, and Plaintiffs were "motivated by legitimate reasons" to bring suit here, the more deference their choice receives.  *Id.* at 72-73.  However, the more it appears that Plaintiffs were "motivated by forum-shopping reasons," including "attempt[ing] to win a tactical advantage," the less deference they receive.  *Id.* at 72.  Under this standard, Mr. Hands' and Terra Firma's decision to bring claims against Defendants in New York should be given no deference, given that they have now filed functionally identical claims in England. Plaintiffs primary (if not only) reason for filing suit here was forum shopping.  The evidence supports no other conclusion:

*First*:  neither named Plaintiff has any connection to New York.  When a foreign plaintiff chooses a U.S. forum, "a plausible likelihood exists that the selection was made for forum-shopping reasons."  *Id.* at 71.

*Second*:  while the "habitual generosity of juries in the United States," *id.* at 72, is one of the classic reasons for forum shoppers to file suit here, Plaintiffs have managed to secure even greater procedural and tactical advantages.  They get an American jury applying an English presumption in their favor, and deciding their fraud claim under a preponderance of the evidence standard.  That is a plainly pro-plaintiff set of circumstances,[9] and one that is available in no court in England or New York applying only its own domestic law.

---

[9]    Plaintiffs view a jury trial as to their advantage.  On September 25, 2013, while discussing the adjournment of the retrial, the Court asked if the parties would consent to a bench trial. Plaintiffs instantly declined.  Baughman Dec. ¶ 15.

Doc#: US1:9052703v1

*Third*:   Mr. Hands' and Plaintiffs' assertions in opposition to Defendants' previous *forum non conveniens* motion were certainly "tactical."  Although they identified seven supposedly "key witnesses" in statements to this Court, they sought deposition testimony from only three and did not bother to call any of them to testify at the first trial.  And, in preparation for the retrial, when Citi added one of the seven to its witness list, Plaintiffs contradicted themselves by seeking to preclude testimony from that witness, Mr. Faxon.

*Fourth*:  statements from Mr. Hands and Terra Firma about the "inconvenience" of litigating in England can be ignored, given their filing of the Manchester claims.

*Fifth*:  Mr. Hands' and Plaintiffs' surreptitious filing of their Manchester lawsuits on the eve of the retrial in this Court demonstrates bad faith.  There is no other explanation for Plaintiffs' failure to disclose their Manchester claims until after the retrial was adjourned.

*Sixth*:  Mr. Hands and Terra Firma have split their claims between this Court and Manchester.  Significantly, Plaintiffs have not disclosed the Third Manchester Claim Form, in which Mr. Hands and Terra Firma filed claims based on the allegations about Mr. Wormsley that are central to this case.  To be sure, none of the named claimants in the third Manchester action are parties here, but their privies are and the underlying allegations are the same, as is the central cause of action:  deceit.  This is blatant claim splitting – something both the United States and England disfavor.  *See Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968) ("There is a strong policy favoring the litigation of related claims in the same tribunal"); McQuater Dec. ¶¶ 24-27 (discussing English authority).

Collectively, these factors make out an overwhelming case that Plaintiffs' choice of this forum is no longer entitled to any weight.  This Court should not allow its good offices to

be used by litigants who have made misrepresentations as to why their claims have been brought

here and who have no intention of abiding by the result in this forum if they lose.

**B.      The Courts of England Are an Available and Adequate Forum**

As this Court previously found, England provides an adequate alternative forum.

*See Terra Firma Invs. (GP) 2 Ltd. v. Citigroup Inc.*, 725 F. Supp. 2d 438, 442 (S.D.N.Y. 2010).

The fact that Mr. Hands and Terra Firma have brought claims in England based on the same facts

underlying this litigation is conclusive evidence that the English courts are open and available to

them.  *See also* McQuater Dec. ¶¶ 17-23.  Further, Citi is not objecting to having to litigate in

England.  It has already acknowledged service of the Second Manchester Claim Form and

indicated its intent to defend that lawsuit in England.  Best Dec. ¶¶ 31-32 & Ex. 7.  Citi is

specifically not contesting jurisdiction in that forum.  *Id.*

**C.      The Private Interest Factors Strongly Favor Litigation in England**

Under *Gulf Oil*, the private interest factors include "the relative ease of access to

sources of proof; availability of compulsory process for attendance of unwilling, and the cost of

obtaining attendance of willing, witnesses," and "all other practical problems that make trial of a

case easy, expeditious and inexpensive."  *Iragorri*, 274 F.3d at 73-74 (quoting *Gulf Oil*, 330 U.S.

at 508).  These factors are "by no means exhaustive," *Van Cauwenberghe*, 486 U.S. at 528, and

the Court may consider other evidence bearing on the "convenience of the litigants."  *Iragorri*,

274 F.3d at 73.  Here, the private interest factors point strongly toward dismissal.

As to witnesses, there is no question that New York is an inconvenient forum.

Each of the ten fact witnesses who appeared live at the first trial is resident in a foreign country.

*See* Table 2.  The parties presently control at least seven of these people, all of whom live in

either England or Guernsey (Wormsley, Hands, Cockerill, Stokes, Loveridge, Randell, and

Pryce).[10]   *See* Table 3.   Citi and Terra Firma also recently identified six additional party-controlled witnesses whom they expect to call in person at the retrial (Barnes, Vallance, McBride, Simpkin, Lindsay, and Cooke); all of these people live in England.   *See* Table 3.   All of the English witnesses can easily travel to Manchester or testify in London if the case is transferred to its logical home in the Commercial Court.   *See* McQuater Dec. ¶ 21.   There is no reason to force Defendants to again bear the cost of flying witnesses to New York.   Moreover, any witness who testifies about Mr. Hands' and Terra Firma's claims against Citi should have to do so only once, in a single proceeding that will resolve the parties' dispute once and for all.

There are other witness considerations as well.   At the last trial, the parties had to rely on videotaped deposition testimony from several significant third party witnesses who could not be compelled to testify in New York.   These "unwilling" witnesses included: (i) EMI's CEO and CFO, both of whom had access to confidential information and communicated it to Mr. Hands and other bidders prior to the auction; (ii) Terra Firma's advisor at Dresdner Kleinwort, who had discussions about bid price with insiders at EMI and relayed that information to Terra Firma; (iii) EMI's lead advisor from Greenhill, who testified that he placed heavy restrictions on Mr. Wormsley's receipt of information about other bidders; and (iv) the lessor of Mr. Hands' private jet.

Trial by videotape is not the ideal way to decide a fraud case, where "live testimony of key witnesses is necessary so that the trier of fact can assess the witnesses' demeanor."   *Allstate Life Ins. Co. v. Linter Grp. Ltd.*, 994 F.2d 996, 1001 (2d Cir. 1993).   The

---

[10]   Of the remaining witnesses, Michael Slattery and Riaz Punja are former Terra Firma employees who, based on their prior testimony, live in London.   Terra Firma has indicated that both may testify live at the retrial, if they are available, or by videotape if they are not.   Baughman Dec. Ex. 5.   Lorna Morton is a Guernsey resident who served as an alternative director of the GP's.   Although it is unclear whether she still has a role at Terra Firma, Plaintiffs have indicated that she will testify live at the retrial.   *Id.*

18

availability of such live testimony in foreign jurisdictions, when it is unavailable in the United

States, counsels strongly in favor of dismissal.  *See Scottish Air Int'l, Inc. v. British Caledonian*

*Grp., PLC*, 81 F.3d 1224, 1233 (2d Cir. 1996) (noting the importance of credibility in case

involving allegations of oral assurances and a conspiracy); *LaSala v. Bank of Cyprus Pub. Co.*

*Ltd.*, 510 F. Supp. 2d 246, 259-60 (S.D.N.Y. 2007) (considering the need for live trial testimony

of witnesses in case alleging that a bank facilitated fraud and/or money laundering and

concluding that "the presence of the vast majority of witnesses in one forum weighs in favor of

that forum, even if the witnesses could be transported").  Indeed, except for Roger Faxon (who

Plaintiffs now seek to preclude) and two employees of the Guernsey Airport, every third party

identified on the witness lists can be compelled to testify in England.

Further, Terra Firma's duplicative and vexatious lawsuits in this Court and in

England provide an independent ground for *forum non conveniens* dismissal:  Citi has a strong

interest in both avoiding "the burdens of litigating parallel proceedings" and "negat[ing] the

possibility of inconsistent judgments."  *BCCI Holdings (Luxembourg), Societe Anonyme v.*

*Mahfouz*, 828 F. Supp. 92, 98 (D.D.C. 1993); *see also Windt v. Qwest Commc'ns Int'l, Inc.*, 529

F.3d 183, 195 (3d Cir. 2008) (related litigation in Netherlands favored *forum non conveniens*

dismissal); *Ocean Shelf Trading Inc. v. Flota Mercante Grancolombiana S.A.*, 638 F. Supp. 249,

253 (S.D.N.Y. 1986) (defendant had a private interest in avoiding parallel litigation where the

plaintiff had brought the same claim in Colombia).[11]  By any standard, it is inconvenient and

---

[11]   It is true that the existence of related litigation is "not one of the factors enumerated" in *Gulf*
*Oil*, *DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 31 (2d Cir. 2002), but the Supreme Court
has held that these factors are not exclusive.  *Van Cauwenberghe*, *supra*.  Moreover, the
Second Circuit has recognized that related litigation abroad can be relevant to the private
interest analysis when it involves the same parties in the U.S. proceeding.  *Guidi v. Inter-*
*Continental Hotels Corp.*, 224 F.3d 142, 148 (2d Cir. 2000).  And there is no question that
related foreign litigation is relevant to the public interest factors.  *See infra* p. 20.

19

burdensome for Citi to defend against the multiple claims, based on the same operative facts, relying on the testimony of the same witnesses, in tribunals thousands of miles apart.

Finally, in light of Plaintiffs' new Manchester claims, they simply should not be heard to argue that the courts of England are somehow inconvenient for them.

### D.     The Public Interest Factors Strongly Favor Litigation in England

The public interest factors identified in *Gulf Oil* "include the administrative difficulties associated with court congestion; the imposition of jury duty upon those whose community bears no relationship to the litigation; the local interest in resolving local disputes; and the problems implicated in the application of foreign law."  *In re Arbitration Between Monegasque De Reassurances S.A.M. v. Naf Naftogaz of Ukraine*, 311 F.3d 488, 500 (2d Cir. 2002) (citing *Gulf Oil*, 330 U.S. at 508-09).  These factors weigh heavily in favor of dismissal.

There is no reason for related lawsuits concerning the same events to proceed on opposite sides of the Atlantic.  Dismissing this case would serve the public interest by avoiding "needless duplication of proof and waste of judicial resources."  *Calavo Growers of Cal. v. Generali Belgium*, 632 F.2d 963, 967-68 (2d Cir. 1980); *see Crosstown Songs U.K. Ltd. v. Spirit Music Grp., Inc.*, 513 F. Supp. 2d 13, 17-18 (S.D.N.Y. 2007) (considering "the strong likelihood of duplicative litigation" as a public interest factor favoring dismissal in favor of a U.K. forum). England has a similar policy.  Section 49(2) of the Senior Courts Act 1981 provides:

> Every court . . . subject to the provisions of this or any other Act, shall so exercise its jurisdiction in every cause or matter before it as to secure that, as far as possible, all matters in dispute between the parties are completely and finally determined, and all multiplicity of legal proceedings with respect to any of those matters is avoided.

Doc#: US1:9052703v1

McQuater Dec. ¶ 25.  Given that the parties have agreed that this case is governed by English law, this English rule should be enforced. [12]

Doing so would also implement this country's compelling interest "in having localized controversies decided at home."  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260 (1981).  Nothing could be less local to a New York jury than the case presented at the first trial.  All told, the jury heard testimony from eighteen fact witnesses, not one of whom was a U.S. resident.  The testimony of only two foreign witnesses – Mr. Hands and Mr.  Wormsley – took up three full trial days and parts of three others.  During thirteen trial days, the only New Yorker who gave evidence was Terra Firma's paid expert.  Trial Tr. 1563.

With no New York fact witnesses appearing at trial, it is no surprise that the jury heard essentially no testimony about events that took place in New York.  Because "all events of substance" occurred in England or Guernsey, the public interests point away from a New York forum and towards England.  *Evolution Online Sys., Inc. v. Koninklijke Nederland N.V.*, 41 F. Supp. 2d 447, 452 (S.D.N.Y. 1999) (Rakoff, J.).

Despite the overwhelming evidence that there is no significant connection between this case and this forum, Terra Firma may argue that two facts counsel against dismissal: (1) the presence of Terra Firma investors in the United States, and (2) the presence of Citi's headquarters in New York.  Neither provides a basis to keep this case in this Court.

As to the first point, the Court has already held that the identity of Terra Firma's investors has nothing to do with the issues in this case.  At the first trial, the Court excluded testimony from the corporate designee of the New York City public pension funds, holding that

---

[12]   Because the Southern District of New York is "one of the busiest [courts] in the country, making it a paradigmatic 'congested center' of litigation alluded to in [*Gulf Oil*]," *Tel. Sys. Int'l, Inc. v. Network Telecom PLC*, 303 F. Supp. 2d 377, 384 (S.D.N.Y. 2003), the public interest in avoiding duplicative litigation like Terra Firma's is particularly strong.

Doc#: US1:9052703v1

it did not "see the relevance of any of the witnesses relating to who Terra Firma's investors were."  Trial Tr. 9.  This ruling holds true for the Court's *forum non conveniens* analysis, where the identity of the parties who stand behind the nominal plaintiffs is only relevant when it appears that the plaintiffs are not "the real parties in interest."  *See Piper Aircraft*, 454 U.S. at 261; *Online Payment Solutions Inc. v. Svenska Handelsbanken AB*, 638 F. Supp. 2d 375, 381 (S.D.N.Y. 2009).  The real parties in interest are the "key member[s] of the 'relationships and transactions that engendered the action.'"  *Blackrock, Inc. v. Schroders PLC*, 2007 WL 1573933, at *5 (S.D.N.Y. May 30, 2007) (quoting *VictoriaTea.com, Inc. v. Cott Beverages, Canada*, 239 F. Supp. 2d 377, 381 (S.D.N.Y. 2003)).  Here, therefore, the real parties in interest are the nominal plaintiffs themselves, two of whose board members testified under oath that they had the authority to approve the EMI acquisition and did so on the basis of alleged false statements made to a third board member, Mr. Hands.  Trial Tr. 1497-98, 1501, 1509-10, 1517 (Stokes); Trial Tr. 1436-37, 1439-40 (Loveridge).  Moreover, Mr. Hands' Manchester claim form alleges that he is the "ultimate beneficial owner" of another Terra Firma entity which is in turn the sole owner of the Plaintiffs in this case.

As to the second point, the fact that Defendants Citigroup and Citibank are headquartered in New York cannot make up for the absence of any other connection between this forum and Terra Firma's claims.  New York may have a vaguely-defined interest in regulating the conduct of a global bank such as Citi, *see Terra Firma*, 725 F. Supp. 2d at 443, but evidence at the first trial made clear that Terra Firma is complaining about events in England.  Because the alleged wrongdoing was committed by the English employees of London-based Citi affiliates, the fact that Citigroup's corporate headquarters is in New York should have little

Doc#: US1:9052703v1

bearing on the Court's analysis of public interest factors: London's "stronger local interest" trumps "New York's generalized interest in overseeing the bank." *Pollux*, 329 F.3d at 76.

Finally, the need to apply English law is a public interest factor weighing in favor of dismissal. *See id.* (the need to apply English law "strongly tipped in favor of litigation in England"). Four years ago, the parties and the Court could only guess at the role foreign law would play in this case. They now know that the correct application of foreign law is critical: the Second Circuit reversed the jury's verdict based on a perceived error in the English law jury instructions. If this case continues to trial, the Court will have to rewrite its instruction on Plaintiffs' deceit claim. And, it will have to do this without authoritative guidance from an English court on the appropriate civil jury instructions for a fraud claim, because England no longer has civil juries. *See* Richard Ward & Amanda Wragg, *Walker & Walker's English Legal System* 341 (9th ed. 2005) ("[J]ury trial in civil cases has been virtually superseded by trial by judge alone, the one notable exception being trials for defamation.").

The Court should not bear this burden, especially now that the same allegations before the Court have been made by Mr. Hands and Terra Firma in England as the basis for a variety of English law claims, *including specifically the deceit claim still pending here*. The courts of England "are in the best position to determine and apply their own law," and should be the ones to do so. *Evolution Online Sys.*, 41 F. Supp. 2d at 452.

Doc#: US1:9052703v1

**Conclusion**

For the foregoing reasons, the Court should dismiss this case on the ground of

*forum non conveniens*.

Dated: New York, New York
      November 27, 2013

                         PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

                         By:   /s/ John F. Baughman
                             Brad S. Karp (bkarp@paulweiss.com)
                             Theodore V. Wells, Jr. (twells@paulweiss.com)
                             Jay Cohen (jcohen@paulweiss.com)
                             John F. Baughman (jbaughman@paulweiss.com)

                         1285 Avenue of the Americas
                         New York, New York 10019-6064
                         Tel.  (212) 373-3000
                         Fax  (212) 757-3990

                         *Attorneys for Defendants Citigroup Inc., Citibank, N.A., and Citigroup Global Markets Limited*

Doc#: US1:9052703v1