# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                         :
TERRA FIRMA INVESTMENTS (GP) 2 LIMITED (for and                          :
on behalf of the six limited partnerships constituting the               :
Terra Firma Capital Partners II Fund), and                               :
TERRA FIRMA INVESTMENTS (GP) 3 LIMITED (for and                          : 09-CV-10459 (JSR)
on behalf of Terra Firma Capital Partners III, L.P.),                    :
                                                                         :
                                        Plaintiffs,                      : **NOTICE OF SUBPOENA**
                                                                         :
        v.                                                               :
                                                                         :
CITIGROUP INC., CITIBANK, N.A.,                                          :
CITIGROUP GLOBAL MARKETS LIMITED and                                     :
CITIGROUP GLOBAL MARKETS INC.,                                           :
                                                                         :
                                        Defendants.                      :
------------------------------------------------------------------------ X

To:     Jay Cohen, Esq.
        Paul, Weiss, Rifkind, Wharton & Garrison LLP
        1285 Avenue of the Americas
        New York, New York 10019-6064

        **PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiffs will command the appearance of Michael Klein to testify at a deposition at

the offices of Plaintiffs' counsel, identified below, on July 19, 2010, at 9:30 a.m.

Dated: June 11, 2010
       New York, New York

                                        _____
                                        Christopher E. Duffy
                                        (CDuffy@bsfllp.com)
                                        BOIES, SCHILLER & FLEXNER LLP
                                        575 Lexington Avenue, 7th Floor
                                        New York, New York 10022
                                        (212) 446-2300

                                        *Attorneys for Plaintiffs Terra Firma Investments*
                                        *(GP) 2 Limited, and Terra Firma Investments (GP)*
                                        *3 Limited*

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | | |
|---|---|---|
| Terra Firma Investments (GP) 2 Ltd., et al. | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No.   09-CV-10459 (JSR) |
| Citigroup Inc., et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| Defendant | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Michael Klein
(In care of Jay P. Lefkowitz, P.C., Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022)

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Boies, Schiller & Flexner LLP<br>575 Lexington Avenue, 7th Floor<br>New York, New York 10022 | Date and Time:<br>07/19/2010 9:30 am |
|---|---|

The deposition will be recorded by this method:   Stenographer and videotape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   06/11/2010

*CLERK OF COURT*

OR   *[signature]*

_____         _____
Signature of Clerk or Deputy Clerk                     Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Terra Firma Investments (GP) 2 Ltd. and Terra Firma Investments (GP) 3 Ltd._____ , who issues or requests this subpoena, are:

Christopher E. Duffy, Boies Schiller & Flexner LLP, 575 Lexington Avenue, New York, New York 10022, CDuffy@BSFLLP.com, 212-446-2300.

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing NOTICE OF SUBPOENA to be served via hand delivery and electronic mail on June 11, 2010 to:

>Jay Cohen, Esq.
>Paul, Weiss, Rifkind, Wharton & Garrison LLP
>1285 Avenue of the Americas
>New York, New York 10019-6064

*[signature]*

Christopher E. Duffy